O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BROWN, | Case No.: 2:22-cv-08340-DDP-JPRx |
| Petitioner, | **ORDER RE: PETITIONER'S MOTION TO CONFIRM FINAL ARBITRATION AWARD AND FOR FURTHER ATTORNEYS' FEES AND COSTS** |
| v. | |
| NABORS COMPLETION & PRODUCTION SERVICES CO., n/k/a C&J WELL SERVICES, INC., a Delaware corporation, | |
| Respondent. | [Dkt. 19] |

Presently before the court is Petitioner Duane Brown ("Brown") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Respondent Nabors Completion and Production Services Co. ("Nabors"). (Dkt. 19.) Having considered the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

Brown performed oil well plug and abandonment work for Nabors in the Port of Long Beach, as part of a larger project to replace the Gerald Desmond Bridge. (See Dkt.

19-10.) On April 2, 2015, former Nabors employees who performed similar work on the project filed a putative class action in state court against Nabors for violations under the California Labor Code, on behalf of themselves and similarly situated employees, including Brown. (Dkt. 19-2, Donahoo Decl. ¶ 3.) Nabors removed the action to this Court, and thereafter filed a motion to compel arbitration pursuant to the parties' arbitration agreement. (Id. ¶¶ 5-6.) This Court denied the motion to compel arbitration. (Id.) Nabors appealed to the Ninth Circuit. (Id. ¶ 7.) The Ninth Circuit reversed and remanded the court's denial of the motion to compel arbitration. (Id. ¶ 12.)

On March 30, 2018, Brown submitted a Demand for Arbitration to JAMS, asserting the following wage-and-hour violations: (1) failure to pay prevailing wages (Cal. Lab. Code §§ 1194, 1771, 1772, 1774 *et seq.*); (2) waiting time penalties (Cal. Lab. Code § 203); (3) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226(a)); and (4) unfair competition (Cal. Bus. & Prof. Code § 17200). (Id. ¶ 13, Ex. D.) Thereafter, the Honorable Jeffrey King (Ret.) was appointed as arbitrator ("Justice King"). (Id. ¶ 19; Ex. F.)

Brown filed a motion for summary adjudication pursuant to JAMS Employment Rule 18. (Id. ¶ 20.) Justice King declined to rule on the motion because of a pending full hearing in another Nabors arbitration before him. (Id. ¶ 21.) On February 23, 2022, the matter proceeded to a virtual arbitration hearing. (Id. ¶ 23.) On April 25, 2022, Justice King issued an Interim Arbitration Award. (Id., Ex. H.))

On August 29, 2022, Brown filed a motion to set the amount of attorney's fees and costs with Justice King. (Id. ¶ 24.) On October 27, 2022, the Arbitrator[1] issued a Final

---

[1] A new Arbitrator, Joel M. Grossman, was appointed between the interim and final awards due to the unexpected passing of Justice King.

Arbitration Award incorporating the interim award of $386,925.45 in damages and awarding $116,664.53 in attorneys' fees and $4,205.75 in costs. (Id.; Ex. I)

Brown now moves to confirm the Final Arbitration Award and seeks $9,971 in post-award attorneys' fees and $402 in costs for filing of the initial complaint in this confirmation action. (Mot. at 13-16; Donahoo Decl. ¶¶ 37, 45.)

## II. LEGAL STANDARD

### A. Confirmation of Arbitration Award

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).

The grounds for vacating an arbitration award are "limited" and "exclusive." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Id. As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10. Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." Id. at 997 (internal quotation marks and citations omitted). "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012) (quoting Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010)).

///

3

### B. Attorneys' Fees and Costs

An employee who prevails in a civil action pursuant to California Labor Code Sections 1194(a) and 226(e) is entitled to recover an award of reasonable attorneys' fees and costs. See Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit."); Cal. Lab. Code § 226(e) ("An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [Section 226(a)] . . . is entitled to an award of costs and reasonable attorney's fees.").

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." Id. at 437 n.12. The prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. Id. This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." Id. at 437.

### III. DISCUSSION

#### A. Confirmation of Arbitration Award

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors with respect to Nabors' liability and damages. (Dkt. 20, Opp. at 1-2.) Specifically, Nabors argues that the Arbitrator erred in the following:

4

> (1) rejecting, and not giving any deference to, the Labor Commissioner's decision that Nabors' subject work in the [Port of Long Beach] was "not within the jurisdiction of California Public Work Law" and therefore exempt from [California Labor Code § 1720, *et seq.*]; and (2) deeming the subject work as a public work and awarding [Brown's] prevailing wages even though there are no prevailing wage rates—or applicable classifications—established by the Department of Industrial Relations ("DIR") for [Brown's] oil field work.

(Id.)

Nabors, however, fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it." See Biller, 668 F.3d at 665. The alleged errors are based on misinterpretation or misapplication of the law—such legal errors are insufficient to vacate an Arbitration Award. "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)." Kyocera, 341 F.3d at 1003. Finding no manifest disregard of the law exhibited in the Arbitration Award, the court declines to vacate the Arbitration Award.

The court therefore grants Brown's Petition to confirm the Arbitration Award.

### B. Attorneys' Fees and Costs

As the prevailing party in this action, Brown is entitled to reasonable attorneys' fees and costs, including fees incurred in connection with the confirmation action. See Cal. Lab. Code §§ 1194(a), 226(e).[2] Thus, the only issue before the court is whether the

---

[2] Nabors contends, as it did in the related confirmation actions, see, e.g., Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), Ridgeway v. Nabors Completion & Production Servs. Co.,

5

requested fees and costs are reasonable.

Brown seeks $9,971 in attorneys' fees. The court finds, and Nabors does not dispute, that the rates set forth by Brown's counsel are within the range of reasonable rates for attorneys in the local community, taking into consideration the "experience, skill, and reputation of the attorney." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995). Specifically, the court finds that the following rates are reasonable:

- Richard E. Donahoo, Attorney; $700/hour
- Sarah L. Kokonas, Attorney: $495/hour
- Kelsey Ung, Senior Paralegal: $295/hour

With respect to the time spent for work performed on this matter, Brown's counsel has submitted detailed billing records of work performed and an accompanying declaration. (See Donahoo Decl. ¶¶ 37-39; 42-44 & Ex. J.) Brown's motion and Richard Donahoo's declaration estimate that counsel spent a total of 17.5 hours on tasks related to the post-award confirmation action. (Mot. at 17; Donahoo Decl. ¶ 37.) Of these hours, Brown claims that 5.9 hours are attributable to Richard Donahoo, 6.3 hours are attributable to Sarah Kokonas, 2.3 hours are attributable to Kelsey Ung, and 3.0 hours are attributable to time Richard Donahoo anticipated he would spend preparing a reply and anticipated judgment. (Mot. at 16-17; Donahoo Decl. ¶¶ 37-39, 42-44.) The court has adjusted these hours for reasonableness. Specifically, the court has subtracted 2.3 hours

---

No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), Ronquillo v. Nabors Completion & Production Servs. Co., No. 21-cv-5535-DDP-JPR, 2022 WL 370958, at *1-2 (C.D. Cal. Nov. 22, 2021), Gutierrez v. Nabors Completion & Production Servs. Co., 21-cv-8435-DDP-JPR, 2022 WL 671547, at *3 n. 1 (C.D. Cal. Mar. 7, 2022), and Gibson v. Nabors Completion & Production Servs. Co., No. 21-cv-8450-DDP-JPR, 2022 WL 1092628, at *3 n.2 (C.D. Cal. Apr. 11, 2022), that Rosales's request for post-award fees is improper. (Opp. at 8.) The court stands by its previous analysis and rulings in the above-referenced matters regarding post-award fees. Accordingly, the issue of post-award fees is properly before this Court.

from the amount of time billed by Richard Donahoo in connection with the preparation of the petition and motion to confirm the arbitration award. Given that the court decided to take this matter under submission without a hearing, the court has subtracted 0.8 hours from the amount of time Richard Donahoo anticipated billing for preparing for and attending the hearing.

Applying the approved rates to the adjusted hours, the lodestar method yields the following result:

| Attorney/Paralegal | Reasonable Rate | Hours | Lodestar |
|---|---|---|---|
| Richard E. Donahoo | $700 | 5.8 | $4,060 |
| Kelsey Ung | $295 | 2.3 | $678.50 |
| Sarah Kokonas | $495 | 6.3 | $3,118.50 |
| *Total* | | | $7,857 |

With these adjustments, the chart above reflects the reasonable number of hours expended by counsel in relation to the confirmation action and request for post-award fees. Thus, Brown is entitled to $7,857 in fees and $402 for the cost of filing the complaint.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Brown's Petition to Confirm the Arbitration Award. The Final JAMS Arbitration Award issued on October 27, 2022, in the Arbitration JAMS Case No. 1220059023, is confirmed. This Court shall enter judgment in favor of Duane Brown and against Nabors in the amount of $386,925.45 in damages; $116,664.53 in attorneys' fees; $4,205.75 in costs.

/ / /

/ / /

/ / /

/ / /

/ / /

7

The court further GRANTS Brown's request for post-award attorneys' fees in the amount of $7,857 and for costs in the amount of $402.

**IT IS SO ORDERED.**

Dated: July 27, 2023

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

8